# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN B. STERNS,<br><br>                    Plaintiff,<br>vs.<br>MR. LAWRENCE,<br><br>                    Defendant. | CASE NO. 13cv2982-LAB (KSC)<br><br>**ORDER DISMISSING PETITION** |

      Petitioner Jordan Sterns, a prisoner in federal custody, filed this petition seeking relief under 28 U.S.C. § 2241. Sterns challenges the conditions of his confinement; specifically, he argues that he has inadequate access to a law library and as a result cannot properly defend himself in an unnamed criminal case. He seeks an order requiring that he be transferred to a different facility with an adequate law library.

      The Court is required to screen pleadings filed by prisoners, and to dismiss them to the extent they fail to state a claim. 28 U.S.C. § 1915A(a). The Court is also obligated to confirm its own jurisdiction, *sua sponte* if necessary. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004).

      Under § 2241, habeas relief is available to a federal prisoner in federal custody if he can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1) & (3). But Sterns is challenging the conditions of his confinement, and not the fact or duration of his confinement. A civil rights action, not a

1 habeas corpus proceeding, is the proper mechanism for a prisoner seeking to challenge the
2 conditions of his confinement. *See Bivens v. Six Unknown Named Agents of Federal Bureau*
3 *of Narcotics*, 403 U.S. 388 (1971).
4     Furthermore, in both the criminal cases against Sterns, 11cr4789-BTM and 11cr3920-
5 BTM, both titled *United States v. Sterns*, he has been represented by counsel. He is not
6 entitled to a law library. *See Bounds v. Smith*, 430 U.S. 817, 829 (1977) (right of access to
7 courts requires providing prisoners with adequate law libraries <u>or</u> adequate assistance from
8 persons trained in the law); *United States v. Wilson*, 690 F.2d 1267, 1293 (9th Cir. 1982)
9 (criminal defendant represented by counsel was not entitled to access to a law library). And
10 to the extent he claims he cannot adequately represent himself, that claim is moot.
11     The petition is **DENIED**.
12     **IT IS SO ORDERED**.
13 DATED: September 8, 2015

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge